|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

NOEMI SOSA, et al.,

    Plaintiffs,

    v.

DEPARTMENT OF HEALTH, et al.,

    Defendants.

Civil No. 02-2841 (JAF)

**O R D E R**

Before the court is Defendants' motion for reconsideration, filed on March 31, 2005. Docket Document No. 145. Defendants urge us to reconsider our previous finding that their statute of limitations defense was untimely. Id. Plaintiffs opposed Defendants' motion on May 18, 2005. Docket Document No. 151.

Defendants argue that although they waited until the eve of trial to raise the limitations defense, they did not waive the defense because: (1) if the limitations period has expired, we have no jurisdiction to hear the case, and so the defense can be raised at any time; (2) Defendants did not have a previous opportunity to raise the defense, since default judgment was entered against them before they had an opportunity to answer the complaint; and (3) the Supreme Court decision in Jones v. R.R. Donnelley & Sons, 541 U.S. 369 (2004), renders the complaint time-barred, but Defendants could not raise this defense until relatively recently, when it became clear

Civil No. 02-2841 (JAF) -2-

that Jones applied. Docket Document No. 145.  We are unmoved by these arguments, and deny Defendants' motion for reconsideration.

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law."  Standard Química de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994). Defendants have made no showing, nor do we find, that any such circumstance is presented here.

We need not address Defendants' first two arguments for reconsideration, as we have already determined that Defendants waived the limitations defense by failing to raise it in either their motion to dismiss or motion for summary judgment. Docket Document No. 144. The only issue we need consider, then, is whether an intervening change in the law forces us to reverse our previous decision. See Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 n. 2 (1st Cir. 1990).

In Jones, the Supreme Court held that federal courts should apply the four-year statute of limitations provided for in 28 U.S.C. § 1658 if "the plaintiff's claim against the defendant was made possible by a post-1990" enactment, whether the enactment is a "stand-alone statute" or an amendment to an older statute. 541 U.S. at 370.  Defendants argue that Jones renders Plaintiffs' claims under the Rehabilitation Act, which was enacted prior to 1990 but amended

Civil No. 02-2841 (JAF)                                              -3-

after 1990, untimely, and that this argument was unavailable to them at an earlier juncture. Docket Document No. 145.

Defendants concede that under pre-Jones law, Plaintiffs' Equal Employment Opportunity Commission ("EEOC") filing tolled the statute of limitations, rendering the present federal claim timely. Docket Document No. 145; see also Benitez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998).  We find nothing in Jones, § 1658, or any other federal law to supplant the tolling doctrine.  Defendants fail to argue why we should aggressively extend Jones in such a manner, and so we decline to consider this issue further.

We **DENY** Defendants' motion to reconsider. Docket Document No. 145.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 2nd day of June, 2005.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U. S. District Judge